NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
BOSTON
HOUSTON
DALLAS
FORT WORTH
AUSTIN



*FIRM and AFFILIATE OFFICES*

BRETT L. MESSINGER
DIRECT DIAL: +1 215 979 1508
PERSONAL FAX: +1 215 689 4903
*E-MAIL:* BLMessinger@duanemorris.com

www.duanemorris.com

HANOI
HO CHI MINH CITY
SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NORTH JERSEY
LAS VEGAS
SOUTH JERSEY
MYANMAR

ALLIANCES IN MEXICO

January 14, 2025

VIA ECF

The Honorable Mary Kay Vyskocil
United States District Court for the
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

      Re:    <u>*Zhou v. One Clinton LLC*, No. 1:24-cv-08374</u>

Dear Judge Vyskocil:

      This firm represents One Clinton LLC ("One Clinton"), the Respondent in the above-referenced action, which seeks to enforce a discovery subpoena issue in a private arbitration proceeding to which One Clinton is not a party. Pursuant to Your Honor's Individual Procedures, we hereby request a pre-motion conference with the Court in order to permit the filing of a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

### BACKGROUND

      In 2017, Petitioner Lijun Zhou ("Zhou") paid $500,000 in order to purchase a unit in BPL Funding 100 LLC ("BPL"). Petition, ECF No. 5, ¶ 6. BPL, in turn, took the funds provided by Zhou and others and loaned them to One Clinton as mezzanine financing for a construction project on the site of the Brooklyn Public Library. *Id*., ¶ 8. In May 2024, Zhou filed an arbitration proceeding against BPL and its manager under the rules of the American Arbitration Association ("AAA") seeking books and records as well as damages. *Id*., ¶¶ 15-16. In connection with that proceeding, Zhou purported to serve a subpoena in September 2024 (the "Subpoena") seeking the production of documents in pre-hearing discovery from One Clinton, to be delivered "through email attachment to the undersigned attorney." *Id*., ¶ 17. On September 17, 2024, One Clinton refused to respond to the subpoena. *Id*., ¶ 18.

DUANE MORRIS LLP

30 SOUTH 17TH STREET   PHILADELPHIA, PA 19103-4196          PHONE: +1 215 979 1000   FAX: +1 215 979 1020

The Honorable Mary Kay Vyskocil
January 14, 2025
Page 2

DuaneMorris

## **THE CASE SHOULD BE DISMISSED**

Zhou filed the instant Petition under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 7, in order to enforce compliance with its purported Subpoena. However, the case should be dismissed because (1) this Court lacks subject matter jurisdiction and (2) Section 7 of the FAA does not permit the issuance of subpoenas to non-parties for documents only.

### **The Court Lacks Subject Matter Jurisdiction**

The FAA does not create subject matter jurisdiction; instead, a party seeking to enforce rights under the FAA must demonstrate "an independent jurisdictional basis*." Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581-82 (2008); *see Badgerow v. Walters*, 596 U.S. 1, 8 (2022) ("A federal court may entertain an action brought under the FAA only if the action has an 'independent jurisdictional basis.'" (citation omitted)). This includes petitions filed under Section 7 of the FAA. *Washington Nat'l Ins. Co. v. OBEX Grp. LLC*, 958 F.3d 126, 133 (2d Cir. 2020).

Zhou acknowledges that, in order to meet this threshold, she must plead diversity of citizenship under 28 U.S.C. § 1332 between herself and One Clinton. Petition, ECF No. 5, ¶ 4. 28 U.S.C. § 1332(a)(2) grants district courts original jurisdiction over actions between "citizens of a State and citizens or subjects of a foreign state."[1]

Zhou alleges that she is a citizen of the People's Republic of China. Petition, ECF No. 5, ¶ 1. In alleging the citizenship of One Clinton, Zhou identifies it as "a Delaware limited liability company with its principal place of business in Manhattan, New York." *Id.*, ¶ 2. "A limited liability company takes the citizenship of its members." *Avant Cap. Partners, LLC v. W108 Dev. LLC*, 387 F. Supp. 3d 320, 322 (S.D.N.Y. 2016). Accordingly, "the facts that the LLC is 'organized under the laws of Delaware' and has 'its principal place of business in New York' are irrelevant to jurisdiction: they say nothing about an LLC's citizenship for purposes of 28 U.S.C. § 1332." *Alvarez & Marshal Glob. Forensic & Disp. Servs., LLC v. Cohen-Cole*, No. 14 CIV. 290 JPO, 2014 WL 641440, at *2 (S.D.N.Y. Feb. 19, 2014).

As is apparent from the face of the Petition, Zhou does not allege facts demonstrating the citizenship of One Clinton for purposes of invoking diversity jurisdiction. Where a limited liability company is a party, a "'complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company.'" *Avant Cap. Partners*, 387 F. Supp. 3d at 322 (citation omitted). The members of One Clinton, however, are not identified in the Complaint, nor is their citizenship

---

[1] This grant of jurisdiction is limited to cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). For purposes of its motion, One Clinton agrees that this threshold is satisfied.



The Honorable Mary Kay Vyskocil
January 14, 2025
Page 3

plead. Because such allegations are necessary to establish jurisdiction, the Petition must be dismissed.

### **Section 7 of the FAA Does Not Grant the Arbitrator the Authority to Issue the Subpoena**

Even if the Court had subject matter jurisdiction over this action, it should nonetheless be dismissed because "the plain language of section 7 'unambiguously restricts an arbitrator's subpoena power to situations in which the non-party has been called to appear in the physical presence of the arbitrator and to hand over the documents at that time.'" *Life Receivables Tr. v. Syndicate 102 at Lloyd's of London*, 549 F.3d 210, 215 (2d Cir. 2008) (quoting *Hay Group, Inc. v. E.B.S. Acquisition Corp.,* 360 F.3d 404, 407 (3d Cir. 2004) (Alito, J.)).

Section 7 provides that arbitrators "may summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case." 9 U.S.C. § 7. As the Second Circuit held in *Life Receivables*, this language allows subpoenas requiring third-party witnesses to physically appear at a hearing before the arbitrator. *Life Receivables Tr.*, 549 F.3d at 215. But "section 7 does not enable arbitrators to issue pre-hearing document subpoenas to entities not parties to the arbitration proceeding." *Id*. at 212.

There is no question that the Subpoena does not purport to require One Clinton to physically appear at a hearing before the issuing arbitrator, nor does it even state that a hearing is even scheduled. ECF No. 5, Ex. 1 ("You are commanded to produce the following materials by September 30, 2024, through email attachment to the undersigned attorney."). Accordingly, Section 7 does not authorize the issuance of the Subpoena, and this Court cannot compel compliance with it.

### **CONCLUSION**

For the reasons explained above, this Court lacks authority to issue an order enforcing the Subpoena. Therefore, the Court should grant One Clinton's request and hold a pre-motion conference in order to permit it to move for dismissal of this suit with prejudice.

Very truly yours,

*/s/ Brett L. Messinger*

Brett L. Messinger

BLM

cc:     All counsel (*via ECF*)